IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60298
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY R. WARD,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:96-CR-39-6
- - - - - - - - - -
February 13, 1998
Before DUHE', DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Henry R. Ward appeals his conviction and sentence for conspiracy and money laundering. Ward argues that he was prejudiced by the district court's denial of his motion to sever his trial from that of Oliver Tripp because they had antagonistic defenses. Ward has waived this issue because his motion to sever was not based on an argument of antagonistic defenses. See Fed. R. Crim. P. 12(b)(5) and 12(f) and United States v. Chavez-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Valencia, 116 F.3d 127, 29-33 (5th Cir.), cert. denied, 118 S. Ct. 325 (1997).

Ward argues that the jury verdict is against the weight of the credible evidence. If Luther Martin's testimony is believed, there is sufficient evidence. The jury determines the credibility of the witnesses. United States v. Payne, 99 F.3d 1273, 1278 (5th Cir. 1996). A guilty verdict may be supported soley by the uncorroborated testimony of a coconspirator who has pleaded guilty based on a promise of leniency in sentencing, unless the testimony is incredible or insubstantial on its face. Id. Ward does not allege that Martin's testimony was incredible or insubstantial on its face.

Ward argues that the district court erred in denying his motion to dismiss based upon unnecessary preindictment delay. "[F]or preindictment delay to violate the due process clause it must not only cause the accused substantial, actual prejudice, but the delay must also have been intentionally undertaken by the government for the purpose of gaining some tactical advantage over the accused in the contemplated prosecution or for some other impermissible, bad faith purpose." United States v. Crouch, 84 F.3d 1497, 1514 (5th Cir. 1996)(en banc), cert. denied, 117 S. Ct. 736 (1997). Ward does not argue that the Government intentionally delayed his indictment in bad faith.

Ward argues that the district court erred in overruling his hearsay objection to the admission of Western Union's records of

the wire transfers.  The district court did not abuse its discretion in admitting these records.  See United States v. Loney, 959 F.2d 1332, 1340-41 (5th Cir. 1992).

Ward argues that the district court erred in refusing to bar the admission of evidence produced by the Government on the day of trial.  The district court did not abuse its discretion because Ward cannot demonstrate prejudice due to the late disclosure of this evidence.  United States v. Doucette, 979 F.2d 1042, 1044-45 (5th Cir. 1992).

Ward argues that the district court erred in admitting evidence regarding a marijuana transaction in South Carolina. Ward's counsel knowingly and intentionally passed up the opportunity to object that the district court's limiting instruction to the jury was inadequate to protect Ward from prejudice due to the admission of this testimony or that the testimony was properly admitted for the purpose stated by the district court.  This issue is waived.  See Chavez-Valencia, 116 F.3d at 129.

Ward argues that the district court erred in refusing to allow him to present testimony and evidence in support of his motion for new trial.  He contends that Greg Martin perjured himself when he testified that he and Ira Martin transported a vehicle to Jackson, Mississippi, for Ward to use on his return trip as a drug courier.  Ward's conviction can be sustained on the testimony of Luther Martin alone.  Greg Martin's testimony

was only a minor part of the Government's case.  The alleged new evidence does not come close to probably producing an acquittal. The district court did not abuse its discretion in denying the motion for new trial without a hearing.  United States v. Time, 21 F.3d 635, 642-43 (5th Cir. 1994).

Ward argues that the district court erred in increasing his offense level pursuant to U.S.S.G. § 3B1.1(c) for a leadership role in the offense.  Based on Luther's testimony at trial that Ward supervised other persons in Houston, the district court did not clearly err in finding that Ward played a leadership role in the offense warranting the two-level increase of § 3B1.1(c). United States v. Valencia, 44 F.3d 269, 272 (5th Cir. 1995).

AFFIRMED.